UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NORTH CAROLINA
SOUTHERN DIVISION
NO: 7:09-CV-00038-BR

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| Plaintiff ) | |
| v. ) | ORDER |
| ) | |
| ) | |
| ONE 2007 CHEVROLET TAHOE, VIN: ) | |
| 1GNFK13057R166193, ) | |
| Defendant ) | |

This matter is before the court on the government's motion for summary judgment.

On 30 September 2008, detectives with the New Hanover County Sheriff's Office executed a search warrant on 709 Summertime Lane, Apt. F, Wilmington, North Carolina. (Compl., Ex. A at 2.) The detectives had previously received information from a confidential source that Douglas Evans was selling marijuana from this location, which was his residence. (Id.) Within the residence, officers discovered $2,970.00 in U.S. currency, 165 grams of marijuana, other controlled substances, and marijuana paraphernalia. (Id.) A canine with the New Hanover County Sheriff's Office alerted positively to the presence of a controlled substance odor on the currency. (Id.) Detectives also searched a vehicle parked at the residence– the defendant property– and located therein a film canister containing a small amount of marijuana and a sunglasses case containing marijuana residue. (Id. at 3.) Evans and Sabrina Jean Uy were arrested at the residence, and the vehicle was seized. (Id.)

On 16 March 2009, the government filed a complaint seeking forfeiture of the defendant property pursuant to 21 U.S.C. § 881(a)(4), alleging it "was used, or intended to be used, to facilitate a violation of Title II of the Controlled Substances Act, 21 U.S.C. § 801 et seq. . . . ."

(Compl. ¶ 5.) Between 5 May 2009 and 3 June 2009, the government published notice of the forfeiture on www.forfeiture.gov. (7/8/09 Decl.) On 27 July 2009, Evans filed a verified claim of ownership to the defendant property. He is the only party to have filed a claim. Evans, represented by counsel, has not filed a response to the instant motion, and the time within which to do so has expired.

The standard for this court's evaluation of a motion for summary judgment is well established.

> Summary judgment is appropriate when "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." [The court] must construe the facts in the light most favorable to the [non-movant] and [] may not make credibility determinations or weigh the evidence.

Catawba Indian Tribe of S.C. v. City of Rock Hill, S.C., 501 F.3d 368, 371 (4th Cir. 2007) (citations omitted). Even though a party fails to respond to a motion for summary judgment, such failure does not entitle the movant to summary judgment by default. Custer v. Pan Am. Life Ins. Co., 12 F.3d 410, 416 (4th Cir. 1993). Rather, "the moving party must still show that the uncontroverted facts entitle the party to 'a judgment as a matter of law.'" Id.

Title 21, Section 881(a)(4), United States Code, provides for the forfeiture of "[a]ll conveyances, including aircraft, vehicles, and vessels, which are used, or intended for use, to transport, or in any manner facilitate the transportation, sale, receipt, possession, or concealment of" illegal controlled substances. Pursuant to 18 U.S.C. § 983(c)(1), "the burden of proof is on the Government to establish, by a preponderance of the evidence, that the property is subject to forfeiture." And, as the government acknowledges here, (Mem. Supp. Summ. J. at 6), it is

2

required to establish that there was substantial connection between the defendant property and a controlled substance offense. See 18 U.S.C. § 983(c)(3). "Once the Government makes this showing, the burden then shifts to the claimant to establish by a preponderance of the evidence that the Defendant property is not subject to forfeiture." United States v. .30 Acre Tract of Land, 425 F. Supp. 2d 704, 709 (M.D.N.C. 2006) (citation omitted).

Based on Evans's failure to answer requests for admission, the following facts are uncontroverted. See USRP (Gant 1), LLC v. Langston, No. 4:04-CV-143-D, 2006 WL 4681143, *2 (E.D.N.C. March 13, 2006) ("'A Rule 36 admission, even one obtained by the failure to timely respond to the request, can form the basis for summary judgment.'" (citation omitted)).

> 1. [Evans is] the record owner and person to whom is titled the defendant vehicle.
> 2. On the date of seizure of the defendant vehicle, an illegal controlled substance, marijuana, was located inside the defendant vehicle.
> 3. The marijuana located inside the defendant vehicle at the time of seizure belonged to [Evans].
> 4. On the date of seizure of the defendant vehicle, [Evans] had knowledge that an illegal controlled substance was located in the defendant vehicle.
> 5. [Evans had] utilized the defendant vehicle to transport an illegal controlled substance.

(Mem. Supp. Summ. J., Ex. B.) Considering this evidence along with the Declaration filed in support of the complaint, the court finds that the government has met its burden and that it is more likely than not that the defendant property was substantially connected to drug trafficking. Evans has failed to come forward with any evidence to rebut the government's showing.[1]

Accordingly, the government's motion is ALLOWED, and the government is entitled to

---

[1] Evans's verified statement that he "purchased the vehicle with monies received from an inheritance," (7/27/09 Claim ¶ 4), does not rebut the finding that he used the vehicle to facilitate drug dealing.

judgment as a matter of law on Evans's claim.

This 24 November 2009.

                                                                  W. Earl Britt
                                                                  Senior U.S. District Judge